**Fill in this information to identify the case:**

United States Bankruptcy Court for the District of Delaware

Case number (*If known*): _____  Chapter __11__

☐ Check if this is an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  Sungevity, Inc.

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  01 - 0904328

**4. Debtor's address**

Principal place of business:
66 Franklin Street
Suite 310
Oakland, CA 94607
County: Alameda

Mailing address, if different from principal place of business:

Location of principal assets, if different from principal place of business:

**5. Debtor's website (URL)**  www.sungevity.com

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

ny-1269531

Debtor  Sungevity, Inc.  
      Name

Case number (*if known*) _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101 (51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    2389

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201 A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.   District _____  When _____  Case number _____
                             MM / DD / YYYY
        District _____  When _____  Case number _____
                             MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.   Debtor  See Attachment 1      Relationship  Affiliate
        District  Delaware                When  03/13/2017
        Case number, if known _____        MM / DD / YYYY

ny-1269531

| Debtor | Sungevity, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No (See Attachment 2)

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number    Street

_____
City                                State    ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☒ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

Debtor  Sungevity, Inc.                                         Case number (*if known*) _____
        Name

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/13/2017
             MM / DD / YYYY

✗ _/s/ [signature]_                                    Andrew Birch
Signature of authorized representative of debtor       Printed name

Title  Chief Executive Officer

**18. Signature of attorney**

✗  M. Blake Cleary                           Date  03/13/2017
Signature of attorney for debtor                   MM / DD / YYYY

M. Blake Cleary
Printed name

Young Conaway Stargatt & Taylor, LLP
Firm name

Rodney Square, 1000 North King Street
Number    Street

Wilmington                                    DE          19801
City                                          State       ZIP Code

(302) 571-6600                                mbcleary@ycst.com
Contact phone                                 Email address

3614                                          Delaware
Bar number                                    State

ny-1269531

# ATTACHMENT 1

## PENDING OR CONCURRENT BANKRUPTCY CASES FILED BY AFFILIATES

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered.

| Entity Name | Relationship | District | Date of Filing | Case Number |
|---|---|---|---|---|
| Sungevity, Inc. | Affiliate | District of Delaware | March 13, 2017 | Not Yet Assigned |
| Sungevity SD, LLC | Affiliate | District of Delaware | March 13, 2017 | Not Yet Assigned |
| Sungevity Development, LLC | Affiliate | District of Delaware | March 13, 2017 | Not Yet Assigned |
| Sungevity International Holdings LLC | Affiliate | District of Delaware | March 13, 2017 | Not Yet Assigned |

ny-1269531

## ATTACHMENT 2

## <u>PROPERTY THAT NEEDS IMMEDIATE ATTENTION</u>

**In Item 12, the Petition inquires whether the debtor owns or has possession of any real property or personal property that needs immediate attention because it poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety, and, if so, requires the debtor to identify the hazard.**

> The debtor listed on this petition (the "<u>Debtor</u>") does not believe that it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

## SUNGEVITY, INC.

## CERTIFICATE

## March 13, 2017

      I, Andrew Birch, being the duly elected and authorized Chief Executive Officer of Sungevity, Inc., a Delaware corporation (the "Company"), hereby deliver this Certificate on behalf of the Company and do hereby certify, in my capacity as a duly elected and authorized officer of the Company, that I have access to the corporate records of the Company; and

      I further certify that attached hereto as Exhibit A is a true, correct, and complete copy of the resolutions duly adopted and approved by the Board of Directors of the Company at a meeting on March 13, 2017, and that such resolutions (a) have not been amended, rescinded, or modified since their adoption and remain in full force and effect as of the date hereof, and (b) were adopted in accordance with the provisions of applicable law, the Twelfth Amended and Restated Certificate of Incorporation of the Company, and the By-Laws of the Company.

      IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 13th day of March 2017.

                                                                        _____
                                                                         Andrew Birch
                                                                         Chief Executive Officer

ny-1275170

# EXHIBIT A

**Action by Unanimous Consent of the Board of Sungevity, Inc.**

**RESOLUTIONS OF A SPECIAL MEETING**
**OF THE BOARD OF DIRECTORS**
**OF SUNGEVITY, INC.**

**March 13, 2017**

All members of the Board of Directors (the "<u>Board</u>") of Sungevity, Inc., a Delaware corporation (the "<u>Company</u>"), eligible to act in connection with the matters set forth herein, as listed below, hereby adopt the following resolutions in accordance with the applicable provisions of the Delaware General Corporation Law and the By-Laws of the Company (the "<u>By-Laws</u>").

**<u>COMMENCEMENT OF CHAPTER 11 CASE</u>**

**WHEREAS**, due to a potential conflict of interest with respect to the actions set forth herein, Johan Arthur Littke Symmons was recused from all discussions and voting on the following resolutions; and

**WHEREAS**, the Board has extensively discussed and analyzed, in consultation with the Company's management, and financial and legal advisors, the alternatives available to the Company, and has determined that seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") by the Company presents the best opportunity for preserving and maximizing the value of the enterprise for the benefit of the Company, its subsidiaries, creditors, employees and stakeholders and other interested parties; and

**WHEREAS,** after consideration of all factors and information the Board deemed relevant, the Board deems it desirable for, fair to and in the best interests of the Company, its subsidiaries, creditors, and stakeholders and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession will be sought (the "<u>Chapter 11 Case</u>").

**NOW THEREFORE, BE IT RESOLVED** as follows:

**RESOLVED,** that the Board hereby determines that the Company shall file a petition seeking relief under the provisions of Chapter 11 of the Bankruptcy Code (the "<u>Petition</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"); and it is further

**RESOLVED**, that the Board hereby determines that any of the officers or agents of the Company (the "<u>Authorized Officers</u>"), and each of them, acting either individually or jointly, after obtaining advice from the Company's financial and legal advisors and obtaining relevant information from the responsible employees of the Company, are hereby authorized and directed to execute and verify the Petition and any documents related thereto, and to cause the same to be filed in the Bankruptcy Court; and it is further

**RESOLVED**, that without limiting the generality of the foregoing, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized and directed to execute one or more declarations and other documents relating to the Petition, including without limitation an overview of the Company's business and support for each of the motions requested in connection with the Petition, each in form and substance prepared and reviewed by the Company's financial and legal advisors and approved by such officer, the execution thereof by such officer to be conclusive evidence of such approval; and it is further

**RESOLVED**, that the Board hereby determines that the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals in executing, verifying or filing the Petition with a view to its successful prosecution; and it is further

**RETENTION OF PROFESSIONALS AND PAYMENT OF FEES AND EXPENSES**

**RESOLVED**, that the Board hereby determines that the law firm of Morrison & Foerster LLP ("Morrison & Foerster") shall be employed as bankruptcy counsel to the Company under an evergreen retainer in the Chapter 11 Case, subject to the approval of the Bankruptcy Court; and in connection therewith, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Morrison & Foerster; and it is further

**RESOLVED**, that the Board hereby determines that the law firm of Young Conaway Stargatt & Taylor, LLP ("YCST") shall be employed as local bankruptcy counsel to the Company under a general retainer in the Chapter 11 Case, subject to approval of the Bankruptcy Court; and in connection therewith, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of YCST; and it is further

**RESOLVED**, that the Board hereby determines that the firm of AlixPartners, LLC ("Alix") shall be employed to provide financial advisory services to the Company in the Chapter 11 Case, subject to the approval of the Bankruptcy Court; and in connection therewith, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Alix; and it is further

**RESOLVED**, that the Board hereby determines that the firm of Ducera Securities LLC ("Ducera") shall be employed to provide investment banking services to the Company in the Chapter 11 Case, subject to the approval of the Bankruptcy Court; and in connection therewith, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Ducera; and it is further

**RESOLVED**, that the Board hereby determines that the firm of Kurtzman Carson Consultants LLC ("KCC") shall be employed as claims and noticing agent for the Company in the Chapter 11 Case, subject to the approval of the Bankruptcy Court; and in connection therewith, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of KCC; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are authorized, empowered, and directed to, on behalf of, and in the name of the Company, incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose

and intent of any and all of the foregoing resolutions, the making of any such payment conclusive evidence of the due authorization and approval thereof by the Board.

**THE DIP LOAN DOCUMENTS**

**WHEREAS**, the Board has been presented with a proposed Debtor-in-Possession Loan and Security Agreement (the "DIP Loan Agreement"), by and between the Company and Sungevity Development, LLC as borrowers, Sungevity SD, LLC and Sungevity International Holdings LLC as guarantors, the several banks and other financial institutions or entities from time to time parties to the DIP Loan Agreement as lenders, and Wilmington Trust, National Association as agent; and

**WHEREAS**, the Board deems it desirable for, fair to and in the best interests of the Company, its subsidiaries, creditors, and stakeholders and other parties in interest, that the Company borrow an aggregate principal amount of up to $20,000,000 pursuant to the terms and conditions set forth in the DIP Loan Agreement substantially in the form previously provided to the Board, and to authorize and approve (i) entry into and borrowing under the DIP Loan Agreement and (ii) the execution, delivery and performance of any documents applicable to the Company and relating to the DIP Loan Agreement to which the Company is a party (the "DIP Loan Documents").

**NOW, THEREFORE, BE IT RESOLVED** as follows:

**RESOLVED** that any of the Authorized Officers, and each of them, are hereby authorized, directed and empowered to make, execute and deliver, either jointly or severally, for and on behalf of and in the name of the Company, any and all DIP Loan Documents and any and all amendments, supplements, modifications, extensions, renewals, replacements and agreements, documents and instruments relating to the foregoing; and it is further

**RESOLVED**, that the forms, terms and provisions of the DIP Loan Documents are hereby authorized and approved in all respects; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are hereby authorized, directed and empowered, for and on behalf of and in the name of the Company: (i) to borrow under the DIP Loan Agreement such amount or amounts of money or obtain such other financial accommodations as may be made available to the Company under the DIP Loan Documents, and (ii) to extend or renew any loan or loans or any installment of principal or interest thereof, or any indebtedness owing under the DIP Loan Agreement, as amended; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, for and on behalf of and in the name of the Company, in its own capacity and as a member or shareholder of its subsidiaries, are hereby authorized, directed and empowered to make, execute and deliver, from time to time, the note or notes of the Company, evidencing said loan or loans, extensions or renewals, and to sell, transfer, lease, assign, hypothecate, set over, otherwise transfer, grant security interests in, mortgage or pledge any or all of the property of the Company, real, personal, or mixed, tangible or intangible, now owned or hereafter acquired as security for the obligations under the DIP Loan Documents; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are hereby authorized, directed and empowered to execute and deliver any and all instruments, papers and documents and to do all other acts that they may deem convenient or proper to effectuate the purpose and intent hereof; and it is further

**RESOLVED**, that the Board hereby determines that the consideration to be received for the approval, execution and delivery of the DIP Loan Documents is deemed adequate, and that such approval, execution, delivery and performance is deemed valid.

## THE STALKING HORSE APA

**WHEREAS**, the Board has been presented with a proposed Asset Purchase Agreement (together with all exhibits, schedules and other attachments thereto or incorporated therein by reference, the "Stalking Horse APA"), by and between LSHC Solar Holdings, LLC as purchaser (the "Stalking Horse Bidder"), Hercules Capital, Inc. (formerly known as Hercules Technology Growth Capital, Inc.) as secured party, and the Company and the Subsidiaries (as defined in the Stalking Horse APA) of the Company listed on the signature pages to the Stalking Horse APA as sellers, pursuant to which the Company will sell certain of its assets to the Stalking Horse Bidder and the Stalking Horse Bidder will assume certain of the Company's liabilities on the terms and conditions set forth in the Stalking Horse APA, subject to the receipt of higher and better offers through a court-supervised auction process pursuant to section 363 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED** as follows:

**RESOLVED**, that it is in the best interest of the Company to enter into the Stalking Horse APA on the terms and conditions substantially similar to those set forth in the form of Stalking Horse APA previously provided to the Board; and it is further

**RESOLVED**, that the form, terms, and provisions of the Stalking Horse APA, and any other agreement, instrument, document, or certificate required to effect the purposes of the Stalking Horse APA, is authorized and approved, with such changes, additions, or deletions as any Authorized Officer executing the same may in his or her discretion deem necessary or appropriate; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are authorized, empowered, and directed to enter into, execute, and deliver the Stalking Horse APA with the Stalking Horse Bidder on behalf of the Company, subject to the Company receiving higher or better offers through a court-supervised auction process pursuant to section 363 of the Bankruptcy Code; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are authorized, empowered, and directed to execute and file on behalf of the Company all schedules, lists, and other motions, papers, or documents, and any other agreements or amendments related thereto or required thereby in respect of the sale of certain or all of the assets of the Company pursuant to sections 105, 363 and 365 of the Bankruptcy Code (the "Section 363 Sale"), and to take any and all action that they deem necessary or advisable to effect the Section 363 Sale, the execution thereof to be conclusive evidence of such approval and determination; and it is further

## GENERAL AUTHORIZATION AND RATIFICATION

**RESOLVED**, that the Authorized Officers, and each of them, are authorized and directed, consistent with these Resolutions and with the advice of counsel to the Company: (i) to negotiate, execute, deliver, certify, file and/or record, and perform, any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such Authorized Officer deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, as the case may be, in such form and substance as such Authorized Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Authorized Officer may approve; (ii) to negotiate, execute, deliver, certify, file

4

and/or record, and perform any agreements, documents, certificates, consents, filings, and applications relating to the Resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such Authorized Officer deems appropriate or advisable in connection therewith; and (iii) to do such other things as may be required, or as may in such Authorized Officer's judgment be necessary, proper, or desirable, to carry out the intent and effectuate the purposes of the Resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are empowered, authorized and directed, for and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver or cause to be executed and delivered all such contracts, documents, instruments and agreements providing for the engagement, retention, compensation, reimbursement or expenses and indemnification of any legal counsel, accounting firm, or other such consultants, advisors and other agents, to incur and pay all such fees and expenses and to retain any such legal counsel, accounting firm, or other such consultants, advisors and other agents, in each case as they shall in their judgment determine to be necessary, desirable or advisable to carry out fully the intent and purpose of the foregoing resolutions and the execution by such Authorized Officer of any such document, instrument or agreement or the payment of any such expenses or the doing by them of any act in connection with the foregoing matters shall conclusively establish their authority therefor and the approval of the documents, instruments or agreements so executed, the expenses so paid and the actions so taken; and it is further

**RESOLVED**, that any person dealing with any Authorized Officer or Authorized Officers in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Officer and by his or her execution of any document or agreement, the same shall be a valid and binding obligation of the Company enforceable in accordance with its terms; and it is further

**RESOLVED**, that the Secretary or the Assistant Secretary of the Company is authorized to prepare and to certify as a resolution of the Company such additional resolutions as an Authorized Officer, acting upon advice of counsel to the Company, shall deem necessary or advisable to accomplish the purposes of the foregoing resolutions; and it is further

**RESOLVED**, that the authority given in these resolutions is retroactive and any and all actions heretofore or hereafter taken by the Authorized Officers within the terms of any of the foregoing resolutions are ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that the Company shall indemnify, defend and hold harmless, to the fullest extent permitted by the General Corporation Law of the State of Delaware and the By-Laws, each of the Authorized Officers with respect to any legal, equitable or administrative claim of any kind whatsoever against such Authorized Officer in connection with, arising from or related to any actions taken by such Authorized Officer in connection with the foregoing resolutions.

[*Remainder of Page Intentionally Left Blank*]

The foregoing resolutions may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

Adopted as of the date first written above.

**DIRECTORS:**

**ANDREW BIRCH**

**JOEL DOBBERPUHL**

**REUBEN MUNGER**

**ALEXANDER GUETTEL**

**ROBERT DAVENPORT III**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>SUNGEVITY, INC., *et al.* [1]<br><br>                    Debtors. | )<br>)<br>) Chapter 11<br>)<br>) Case No. 17-_____ (___)<br>)<br>) Joint Administration Pending |

**CONSOLIDATED LIST OF CREDITORS
HOLDING 20 LARGEST UNSECURED CLAIMS**

      On the date hereof, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The following is a list of creditors holding the twenty (20) largest unsecured claims against the Debtors, prepared on a consolidated basis from the Debtors' unaudited books and records as of March 13, 2017 and in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure.  The list does not include (i) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code or (ii) secured creditors, unless the value of the collateral securing such claim is such that the unsecured deficiency places the creditor among the holders of the twenty (20) largest unsecured claims.

      Nothing herein shall constitute an admission of liability by, or be binding on, the Debtors.  The Debtors reserve all rights to assert that any debt or claim listed herein is a disputed claim or debt, and to challenge the priority, nature, amount, or status of any such claim or debt.  In the event of any inconsistencies between the summaries set forth below and the respective corporate and legal documents relating to such obligations, the corporate and legal documents shall control.

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Sungevity, Inc. (4328), Sungevity SD, LLC (4847), Sungevity Development, LLC (0323), and Sungevity International Holdings LLC (5598).  The principal place of business for each of the Debtors is 66 Franklin Street, Suite 310, Oakland, CA 94607.

ny-1273132

**Fill in this information to identify the case:**

Debtor name __Sungevity, Inc.__

United States Bankruptcy Court for the: __District of Delaware__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Eastern Sun Capital Partners, LLC<br>40 Rowes Wharf<br>Boston, MA 02110 | Ramsay Ravenel<br>617-880-8941<br>rravenel@easternsuncapital.net | Convertible Notes | | | | $4,450,000.00 |
| 2 | Trina Solar (U.S.) Inc.<br>100 Century Center Court, #501<br>San Jose, CA 95112 | John Gann<br>408-459-6709<br>Fax: 800-696-0166 | Trade Payables | | | | $4,200,924.00 |
| 3 | SolarEdge Technologies, Inc.<br>3347 Gateway Blvd.<br>Fremont, CA 94538 | David Seiler<br>415-720-8975<br>Fax: 510-353-1895 | Trade Payables | | | | $2,873,762.07 |
| 4 | Mario Palumbo<br>C/O Millennium Partners<br>1995 Broadway 3rd FL<br>New York, NY 10023 | Mario Palumbo<br>212-875-4905<br>Mpalumbo@millenniumptrs.com<br>Fax: 212-595-1831 | Convertible Notes | | | | $2,100,000.00 |
| 5 | Orrick, Harrington & Sutcliffe LLP<br>Dept 34461<br>P.O. Box 39000<br>San Francisco, CA 94139 | Andrew D. Thorpe<br>415-773-5970<br>athorpe@orrick.com<br>Fax: 415-773-5759 | Trade Payables | | | | $1,851,432.11 |
| 6 | CCM Solar, LLC<br>1730 Massachusetts Ave., N.W.<br>Washington, D.C. 20005 | Josh Green; Alla Jezmir<br>202-315-2407; 202-315-2411<br>Jgreen@ccmgroupllc.com<br>ajezmir@ccmgroupllc.com<br>jgreen@ccmusllc.com<br>ajezmir@ccmusllc.com | Convertible Notes | | | | $1,500,000.00 |
| 7 | Lowe's Companies, Inc.<br>Attn: Product Accounting<br>Program Administration<br>Mailcode: NB4PA<br>Mooresville, NC 28117 | Gary Gross<br>704-758-2198<br>Fax: 704-757-0576 | Trade Payables | | | | $1,028,475.00 |
| 8 | SharesPost 100 Fund<br>101 Jefferson Dr.<br>Menlo Park, CA 94025 | Sven Weber<br>650-492-6878<br>sweber@sharespost.com<br>Fax: 650-492-6871 | Convertible Notes | | | | $1,000,000.00 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 1

Debtor   Sungevity, Inc.
         Name

Case number *(if known)*_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Stephen R. Polk Rev TR U-A-D 2-17-84<br>260 E. Brown St., Ste. 340<br>Birmingham, MI 48009 | Stephen Polk<br>248-385-5282<br>spolk@highgatellc.com<br>Fax: 804-648-0395 | Convertible Notes | | | | $1,000,000.00 |
| 10 | Dinwoodie Meservey Family Trust<br>934 Kingston Ave.<br>Piedmont, CA 94611 | Tom Dinwoodie<br>510-654-5118<br>tdinwoodie@gmail.com | Convertible Notes | | | | $1,000,000.00 |
| 11 | MHA Trust, LLC<br>c/o Marianne Brakora<br>Interlaken Capital LLC<br>261 E. Maple Rd.<br>Birmingham, MI 48009 | Michael Acheson<br>Marianne Brakora<br>248-310-6040<br>mike.acheson@me.com<br>marianne@acheson.com<br>Fax: 248-251-0059 | Convertible Notes | | | | $900,000.00 |
| 12 | LG Electronics U.S.A., Inc.<br>P.O. Box 730241<br>Dallas, TX 75373-0241 | David Chang<br>201-816-2000<br>Fax: 201-816-0636 | Trade Payables | | | | $827,325.00 |
| 13 | Greener Capital Partners II, LP<br>128 Alvarado Rd.<br>Berkeley, CA 93705 | Charles Finnie<br>866-431-8709<br>charliefinnie@gmail.com<br>cfinnie@efwpartners.com<br>kguerry@efwpartners.com | Convertible Notes | | | | $750,000.00 |
| 14 | Easterly Acquisition Corp.<br>375 Park Ave. 21st FL<br>New York, NY 10152 | Jurgen Lika<br>617-303-4809<br>Fax: 302-655-5049 | Trade Payables | | | | $680,412.66 |
| 15 | BDO USA, LLP<br>One Market St.<br>Suite 1100 Spear Tower<br>San Francisco, CA 94105 | Aftab Jamil<br>408-352-1999<br>ajamil@bdo.com<br>Fax: 415-397-2161 | Trade Payables | | | | $607,383.00 |
| 16 | CFGI Holdings, LLC<br>99 High St., 30th FL<br>Boston, MA 02110 | Greg Lynch<br>603-479-4110<br>glynch@cfgi.com | Trade Payables | | | | $568,074.42 |
| 17 | James S Sandler as Trustee under the James Sandler Revocable Trust UA dated 4/29/1999<br>185 Edgewood Ave.<br>San Francisco, CA 94117 | Jim Sandler<br>415-602-3317<br>james@sandlerfoundation.org | Convertible Notes | | | | $460,000.00 |
| 18 | Locus Energy<br>1375 Broadway<br>Suite 1100<br>New York, NY 10018 | Christopher Cline<br>877-562-8736<br>Fax: 888-362-0641 | Trade Payables | | | | $416,318.19 |
| 19 | Anthem Blue Cross<br>Department 5812<br>Los Angeles, CA 90074-5812 | Patrice Clay<br>925-927-6019<br>Fax: 317-488-6028 | Trade Payables | | | | $395,711.27 |
| 20 | Google Inc.<br>1600 Ampitheatre Pkwy.<br>Mountain View, CA 94043 | Mark Gerrson Galvez<br>650-253-1465<br>Fax: 650-253-0001 | Trade Payables | | | | $386,737.36 |

Official Form 204      **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**      page 2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SUNGEVITY, INC.,<br><br>                         Debtor. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 17-_____ (___) <br> ) <br> ) Joint Administration Pending |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(l) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following is a list of any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of equity interests in the above-captioned debtor.

| Debtor | Direct Owner(s) | Indirect Owner(s) |
|---|---|---|
| Sungevity, Inc. | Apollo Investment Corporation<br>Helios Invest LLC<br>Jetstream Ventures LLC<br>Lowe's Companies, Inc.<br>Peter Hawkins Dobberpuhl Foundation | None |

**Fill in this information to identify the case and this filing:**

Debtor Name: Sungevity, Inc.

United States Bankruptcy Court for the: District of Delaware (State)

Case number *(If known)*:

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration    Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 03/13/2017
MM / DD / YYYY

✗ _____
Signature of individual signing on behalf of debtor

Andrew Birch
Printed name

Chief Executive Officer
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**



American LegalNet, Inc.
www.FormsWorkFlow.com