**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| SUNGEVITY, INC., | ) |
| | ) Case No. 17-10561 (___) |
| Debtor. | ) |
| | ) |

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| SUNGEVITY SD, LLC, | ) |
| | ) Case No. 17-10562 (___) |
| Debtor. | ) |
| | ) |

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| SUNGEVITY DEVELOPMENT, LLC, | ) |
| | ) Case No. 17-10563 (___) |
| Debtor. | ) |
| | ) |

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| SUNGEVITY INTERNATIONAL | ) |
| HOLDINGS LLC, | ) |
| | ) Case No. 17-10564 (___) |
| Debtor. | ) |
| | ) |

**DEBTORS' MOTION FOR ENTRY OF ORDER**
**DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

By this motion (the "Motion"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seek entry of an order (the "Order"), substantially in the form attached hereto as Exhibit A, pursuant to rule 1015(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), directing joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only.  In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## BACKGROUND

4.      On March 13, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no statutory committees have been appointed or designated.

5.      A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion and the above-captioned chapter 11 cases, are set forth in

01:21667578.1

greater detail in the *Declaration of Andrew Birch in Support of Chapter 11 Petitions and Requests for First Day Relief* (the "<u>First Day Declaration</u>"), filed contemporaneously herewith and incorporated by reference herein.

**<u>RELIEF REQUESTED</u>**

6.      By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as <u>Exhibit A</u>, directing joint administration of the above-captioned cases for procedural purposes only.

7.      Specifically, the Debtors respectfully request that the Court maintain on file and one docket for all of the Debtors' cases under the case of Sungevity, Inc. and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| SUNGEVITY, INC., *et al.*[1] | ) | |
| | ) | Case No. 17-10561 (___) |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

FN1: The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Sungevity, Inc. (4328), Sungevity SD, LLC (4847), Sungevity Development, LLC (0323), and Sungevity International Holdings LLC (5598).  The principal place of business for each of the Debtors is 66 Franklin Street, Suite 310, Oakland, CA 94607.

8.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket in each of the Debtors' cases, other than the case of Sungevity, Inc., to reflect the joint administration of these chapter 11 cases:

> An Order has been entered in this case in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter

11 cases of Sungevity, Inc., Sungevity SD, LLC, Sungevity Development, LLC and Sungevity International Holdings LLC.  The docket in the chapter 11 case of Sungevity, Inc., Case No. 17-10561 (\_\_\_), should be consulted for all matters affecting these cases.

## BASIS FOR RELIEF REQUESTED

9.    Bankruptcy Rule 1015(b) provides that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  In addition, Local Rule 1015-1 similarly provides that an "order of joint administration may be entered, without notice and an opportunity for hearing," if a motion is filed establishing that "joint administration . . . is warranted and will ease the administrative burden for the Court and the parties."  Local Rule 1015-1.  Sungevity, Inc. is a Debtor in these chapter 11 cases, and each of the other Debtors is an affiliate of Sungevity, Inc.  Accordingly, the Court has the authority to grant the relief requested herein.

10.    Joint administration of these chapter 11 cases will promote efficiency and will ease the administrative burden on the Court and all parties in interest in these cases.  Because the Debtors' financial affairs and operations are closely related, many of the motions, hearings, and orders in these chapter 11 cases will affect all of the Debtors.  Joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, because it will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders.  Joint administration will therefore render the completion of various administrative tasks less costly and will minimize the number of unnecessary delays.  The relief requested by this Motion also will simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee.

11.    Further, joint administration of these chapter 11 cases will not prejudice or adversely impact the rights of the Debtors' creditors because the relief sought herein is purely

01:21667578.1

4

procedural and is not intended to affect substantive rights.  Each creditor may still file a claim against individual estates, as applicable.  Moreover, all creditors will benefit from the reduced costs that will result from the joint administration of these chapter 11 cases.

12.     For these reasons, the Debtors submit that the relief requested herein is in the best interest of the estates and will reduce administrative burdens on the Court and all parties in interest, and therefore should be granted.

### NOTICE

13.     Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (a) the Office of the United States Trustee; (b) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis, excluding insiders); (c) Hercules Capital, Inc.; (d) MMA Energy Capital, LLC; (e) MHA Trust LLC; (f) Atalaya Special Opportunities Fund VI LP; (g) Wilmington Savings Fund Society, FSB; (h) Wilmington Trust, National Association; (i) the Securities & Exchange Commission; (j) the Office of the United States Attorney General for the District of Delaware; (k) the Internal Revenue Service; (l) the U.S. Department of Justice; and (m) LSHC Solar Holdings, LLC.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

01:21667578.1

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the

form attached hereto as Exhibit A, granting the relief requested herein and such other and further

relief as is just.

Dated:  March 13, 2017
          Wilmington, Delaware

/s/ Jaime Luton Chapman
M. Blake Cleary (No. 3614)
Jaime Luton Chapman (No. 4936)
Kenneth A. Listwak (No. 6300)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

-and-

Jonathan I. Levine (*pro hac vice* admission pending)
Jennifer L. Marines (*pro hac vice* admission pending)
Melissa A. Hager (*pro hac vice* admission pending)
Erica J. Richards (*pro hac vice* admission pending)
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Proposed Counsel for Debtors and Debtors-in-Possession*

01:21667578.1

**<u>Exhibit A</u>**

**Proposed Order**

01:21667578.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SUNGEVITY, INC.,<br><br>Debtor. | )<br>)<br>) Chapter 11<br>)<br>) Case No. 17-10561 (___)<br>)<br>) **Ref. Docket No. ___** |
| In re:<br><br>SUNGEVITY SD, LLC,<br><br>Debtor. | )<br>)<br>) Chapter 11<br>)<br>) Case No. 17-10562 (___)<br>)<br>) **Ref. Docket No. ___** |
| In re:<br><br>SUNGEVITY DEVELOPMENT, LLC,<br><br>Debtor. | )<br>)<br>) Chapter 11<br>)<br>) Case No. 17-10563 (___)<br>)<br>) **Ref. Docket No. ___** |
| In re:<br><br>SUNGEVITY INTERNATIONAL<br>HOLDINGS LLC,<br><br>Debtor. | )<br>)<br>) Chapter 11<br>)<br>)<br>) Case No. 17-10564 (___)<br>)<br>) **Ref. Docket No. ___** |

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors-in-

possession (collectively, the "<u>Debtors</u>") for entry of an order, pursuant to Bankruptcy Rule

1015(b) and Local Rule 1015-1, directing the joint administration of these chapter 11 cases for

---

[1]  Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

01:21667578.1

procedural purposes only; and upon the First Day Declaration; and upon the record of the hearing on the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having found that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      The Debtors' chapter 11 cases shall be (a) jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 and (b) consolidated for procedural purposes only.

3.      The Clerk of the Court shall maintain one file and one docket for the Debtors' chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 cases of Sungevity, Inc., Case No. 17-10561 (____).

4.      All pleadings in the Debtors' chapter 11 cases shall bear a consolidated caption in the following form:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| SUNGEVITY, INC., *et al.*[1] | ) Chapter 11 |
| | ) |
| | ) Case No. 17-10561 (___) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |

FN1: The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Sungevity, Inc. (4328), Sungevity SD, LLC (4847), Sungevity Development, LLC (0323), and Sungevity International Holdings LLC (5598).  The principal place of business for each of the Debtors is 66 Franklin Street, Suite 310, Oakland, CA 94607.

5.      The Clerk of the Court shall make a docket entry in each of the above-captioned

chapter 11 cases, other than the case of Sungevity, Inc., substantially as follows:

An Order has been entered in this case in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 11 cases of Sungevity, Inc., Sungevity SD, LLC, Sungevity Development, LLC and Sungevity International Holdings LLC.  The docket in the chapter 11 case of Sungevity, Inc., Case No. 17-10561 (___), should be consulted for all matters affecting these cases.

6.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

7.      The Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

Dated: March _____, 2017
        Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

01:21667578.1