## Schedule 2

### Notice of Assumption and Assignment

01:21734984.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 17-10561 (KG) |
| SUNGEVITY, INC., *et al.*,[1] | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |

NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES
IN CONNECTION WITH THE PROPOSED SALE OF THE DEBTORS' ASSETS

PLEASE TAKE NOTICE OF THE FOLLOWING:

YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS A COUNTERPARTY TO A POTENTIAL EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH ONE OR MORE DEBTORS THAT MAY BE ASSUMED AND ASSIGNED TO THE PURCHASER OF THE DEBTORS' ASSETS. The proposed Cure Amount that is required for the assumption and assignment of your contract or lease is set forth on Schedule 1 attached hereto. Parties receiving this notice should locate their name and their contract and/or lease and the related Cure Amount on Schedule 1 attached hereto. ANY OBJECTIONS TO THE ASSUMPTION AND ASSIGNMENT OF YOUR CONTRACT OR LEASE, INCLUDING OBJECTIONS TO THE CURE AMOUNT, MUST BE ACTUALLY RECEIVED NO LATER THAN 4:00 P.M. (PREVAILING EASTERN TIME) ON APRIL 13, 2017, provided that objections to the ability of a Successful Bidder(s) other than the Stalking Horse Bidders to provide adequate assurance of future performance may be heard at the Sale Hearing. Please review this notice carefully for instructions on how to object.

1.      On March 13, 2017 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.      On March 13, 2017, the Debtors filed a motion [D.I. 15] (the "Sale Motion")[2] with the Bankruptcy Court, seeking entry of orders, among other things, approving (a) the sale of substantially all of the Debtors' assets (the "Purchased Assets") to LSHC Solar Holdings, LLC and Hercules Capital, Inc. (the "Stalking Horse Bidders"), for $50 million, subject to adjustment (the "Sale Transaction"), subject to the submission of higher or better offers in an auction process (the "Auction"); (b) procedures for the solicitation of bids in connection with the Auction (the "Bidding Procedures"), attached as Exhibit B to

---

[1]  The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Sungevity, Inc. (4328), Sungevity SD, LLC (4847), Sungevity Development, LLC (0323), and Sungevity International Holdings LLC (5598).  The principal place of business for each of the Debtors is 66 Franklin Street, Suite 310, Oakland, CA 94607.

[2]  Capitalized terms used in this Notice and not immediately defined shall have the meanings given to such terms in the Sale Motion.

the Sale Motion; (c) the form and manner of notices related to the Sale Transaction; and (d) procedures for the assumption and assignment of executory contracts and unexpired leases ("Designated Contracts") in connection with the Sale Transaction (the "Assumption and Assignment Procedures").

3.       On March [29], 2017, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Establishing Bidding Procedures and Granting Related Relief and (II) Approving the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Interests* [Docket No. [●]] (the "Bidding Procedures Order"), by which the Court approved the Bidding Procedures and the Assumption and Assignment Procedures.

4.       The Sale Hearing to consider approval of the Sale Transaction is scheduled to be held on **April 17, 2017 at 3:00 p.m. (ET)** hearing, before the Honorable Kevin Gross in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom No. 3, Wilmington, Delaware 19801.

5.       In connection with the Sale Transaction, the Debtors may seek to assume and assign to the Stalking Horse Bidders or any other Successful Bidder(s) the Designated Contracts. A schedule listing the proposed Designated Contracts (the "Designated Contracts List") is attached hereto as **Schedule 1**. The Designated Contracts List identifies, among other things, the amount, if any, determined by the Debtors to be necessary to be paid to cure any existing default under each Designated Contract (the "Cure Amount"). The Debtors reserve the right to add items to, delete items from, supplement and modify the Designated Contracts List at any time, provided that to the extent that the Debtors add a Designated Contract to the Designated Contracts List or modify a Cure Amount, the affected party shall receive a separate notice and an opportunity to object to such addition or modification in accordance with the Bidding Procedures Order.

6.       The determination whether a contract or lease is to be assumed and assigned is subject to a subsequent decision by the Successful Bidder(s) to be made prior to the closing date of the Sale Transaction, and approval by the Bankruptcy Court. Consequently, the listing of a contract or lease on Schedule I attached hereto is not an indication of whether the contract or lease will be assumed and assigned or rejected, nor is it an admission by the Debtors that such contract or lease is an executory contract or unexpired lease or that the Debtors have any liability thereunder.

7.       Any request for adequate assurance information regarding the Successful Bidder (or Successful Bidders) (a "Request for Adequate Assurance") must include an email address and/or facsimile number to which a response to such request will be sent (the "Counterparty Contact Method"), and sent to proposed counsel for the Debtors, Morrison & Foerster LLP, 250 West 55 Street, New York, New York 10019, Attn: Jonathan I. Levine (jonlevine@mofo.com) and Jennifer L. Marines (jmarines@mofo.com), and Young Conaway Stargatt & Taylor, LLP, Attn: M. Blake Cleary (mbcleary@ycst.com) and Jaime Luton Chapman (jchapman@ycst.com). Upon receiving a Request for Adequate Assurance, the Debtors shall provide such party with any non-confidential information (and any confidential information subject to entry into a reasonable non-disclosure agreement in accordance with Bidding Procedures) reasonably related to adequate assurance via the specified Counterparty Contact Method (i) with respect to the Stalking Horse Bidders, within 24 hours of such request and (ii) with respect to any other Qualified Bidder, within the later of 24 hours of such request and 24 hours after the Bid Deadline.

8.       As soon as practicable after the conclusion of the Auction, the Debtors will file with the Bankruptcy Court and post on the case website maintained by KCC (www.kccllc.net/Sungevity) a notice identifying the Successful Bidder (or Successful Bidders) (the "Post-Auction Notice").

01:21732833.5

9.      KCC will also provide the following information via the specified Counterparty Contact Method, if provided: (a) the identity of all bidders that have submitted a Qualified Bid (within one (1) day after the Bid Deadline); and (b) the identity of the Successful Bidder(s) (within four (4) hours after the conclusion of the Auction).

10.     Objections, if any, to the proposed assumption and assignment of any of the Designated Contracts, the proposed Cure Payment, if any, and the ability of the Stalking Horse Bidders to provide adequate assurance of future performance must: (a) be in writing; (b) state with specificity the basis for the objection as well as any Cure Payment that the objector asserts to be due (in all cases with appropriate documentation in support thereof); (c) comply with the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; and (d) be filed with the Bankruptcy Court and served on the following parties so as to be **actually received** no later than **4:00 p.m. (prevailing Eastern Time) on April 13, 2017** (the "Contract Objection Deadline"): (i) proposed counsel for the Debtors, Morrison & Foerster LLP, 250 West 55 Street, New York, New York 10019, Attn: Jonathan I. Levine (jonlevine@mofo.com) and Jennifer L. Marines (jmarines@mofo.com), and Young Conaway Stargatt & Taylor, LLP, Attn: M. Blake Cleary (mbcleary@ycst.com) and Jaime Luton Chapman (jchapman@ycst.com); (ii) the Debtors, c/o Sungevity, Inc., 66 Franklin Street Suite 310, Oakland, CA 94607, Attn: Elizabeth Rushforth (elizabeth.rushforth@sungevity.com); (iii) counsel to LSHC Solar Holdings, LLC, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Ross Kwasteniet (ross.kwasteniet@kirkland.com) and Brad Weiland (brad.weiland@kirkland.com); (iv) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801; and (v) proposed counsel to the official committee of unsecured creditors, Brown Rudnick LLP, One Financial Center, Boston, MA 02111, Attn: Steven Pohl (spohl@brownrudnick.com) (collectively, the "Notice Parties"). Objections to the ability of a Successful Bidder(s) other than the Stalking Horse Bidders to provide adequate assurance of future performance related to such Designated Contract must be raised **at or prior to Sale Hearing on April 17, 2017 at 3:00 p.m. (prevailing Eastern Time)** (the "Adequate Assurance Objection Deadline").

11.     To the extent that any party does not timely object as set forth above, such party may be: (a) forever barred from objecting to the assumption and assignment of any of the Designated Contracts identified on the Designated Contracts List, including, without limitation, asserting any additional cure payments or requesting additional adequate assurance of future performance as it relates to this Sale Transaction to the Successful Bidder(s); (b) deemed to have consented to the applicable Cure Amount, if any, and to the assumption and assignment of the applicable Designated Contract as part of this Sale Transaction to the Successful Bidder(s); (c) bound to such corresponding Cure Amount, if any; (d) deemed to have agreed that the Stalking Horse Bidders or any other Successful Bidder has (or Successful Bidders have) provided adequate assurance of future performance within the meaning of section 365(b)(1)(C) of the Bankruptcy Code; (e) deemed to have agreed that all defaults under the applicable Designated Contract arising or continuing prior to the Contract Objection Deadline have been cured as a result or precondition of the assignment, such that the Stalking Horse Bidders or any other Successful Bidder (or Successful Bidders) or the Debtors shall have no liability or obligation with respect to any default occurring or continuing prior to the Contract Objection Deadline, and from and after the date of the assignment, the applicable Designated Contract shall remain in full force and effect for the benefit of the Stalking Horse Bidders or any other Successful Bidder (or Successful Bidders) and such party in accordance with its terms; (f) deemed to have waived any right to terminate the applicable Designated Contract or designate an early termination date under the applicable Designated Contract as a result of any default that occurred and/or was continuing prior to the assignment date; and (g) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable Designated Contract.

12.     Copies of the Sale Motion, the Bidding Procedures Order, the Post-Auction Notice, as well as all related exhibits including the Stalking Horse Agreement and all other documents filed with the Bankruptcy Court (collectively, the "Sale Documents"), are available free of charge on the website of the Court-appointed claims and noticing agent for the Debtors' chapter 11 cases, Kurtzman Carson Consultants LLC ("KCC"), www.kccllc.net/Sungevity.  The Sale Documents are also available, free of charge, upon request to KCC (tel: 888-249-2741; fax: 310-751-1561; sungevityinfo@kccllc.com) or the Debtors (Beth Olivere, paralegal, tel: 302-571-6557; fax: 302-576-3394; bolivere@ycst.com).

Dated:   March __, 2017
         Wilmington, Delaware

M. Blake Cleary (No. 3614)
Jaime Luton Chapman (No. 4936)
Kenneth A. Listwak (No. 6300)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

-and-

Jonathan I. Levine (admitted *pro hac vice*)
Jennifer L. Marines (admitted *pro hac vice*)
Melissa A. Hager (admitted *pro hac vice*)
Erica J. Richards (admitted *pro hac vice*)
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Proposed Counsel for Debtors and Debtors-in-Possession*